IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELU NDUNGE MAUNDU, | NO. C 05-02850 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| CORBRITT, SHAW & ASSOCIATES, INC., et. al., | |
| Defendants. | |

## I. INTRODUCTION

Presently before the Court is Plaintiff Kelu Ndunge Maundu's ("Plaintiff") Motion for Default Judgment against Defendant Corbritt, Shaw & Associates, Inc. and Defendant Todd Christopher Shaw (hereinafter "Defendants") pursuant to Rule 55, Fed. R. Civ. P. The motion is noticed for hearing on November 28, 2005. Neither of the defendants has submitted an opposition to Plaintiff's motion. The Court finds it appropriate to take the motion under submission for decision based on the papers filed by Plaintiff, without oral argument pursuant to Civil Local Rule 7-1(b). Based upon all papers filed to date, the Court finds that Plaintiff is entitled to default judgment against Defendants.

## II. BACKGROUND

On July 13, 2005, Plaintiff filed this action against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "Federal FDCPA") and California's

Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq. (hereinafter, "California FDCPA").

Plaintiff alleged that Defendants violated the Federal FDCPA because Defendants: (1) falsely represented the amount of the alleged debt; (2) falsely represented or implied that a lawsuit could or would be filed against Plaintiff when Defendants did not intend to do so; (3) drafted and sent Plaintiff a collection letter to instill in Plaintiff a false sense of urgency; (4) threatened to sue Plaintiff for the debt; (5) attempted to collect interest, fees, and/or other charges that were not expressly authorized by the agreement creating the debt; (6) falsely represented the name of the creditor to whom the alleged debt was owed; (7) provided Plaintiff with less than thirty days to send a written request to Defendants requesting verification of the alleged debt; (8) provided Plaintiff with less than thirty days to send a written request to Defendants requesting the name and address of the original creditor; (9) continued its collection efforts after Plaintiff sent a written notification to Defendants requesting Defendants not to contact Plaintiff; (10) used obscene or profane language against Plaintiff to collect the debt; and (11) falsely represented themselves as representatives of U.S. Bank.

Plaintiff also alleged that Defendants violated the California FDCPA by: (1) failing to comply with the Federal FDCPA; and (2) communicating with Plaintiff by telephone with such frequency as to be unreasonable and to constitute a harassment to the Plaintiff under the circumstances. Defendants were personally served with a copy of the summons and complaint on August 9, 2005. Defendants failed to answer the complaint or otherwise defend the action. On September 16, 2005, the Clerk of this Court entered default against Defendants. On October 21, 2005, Plaintiff filed this Motion for Default Judgment.

### III. STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). In exercising its discretion to grant default

2

judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  DISCUSSION

A.  Statutory Damages

Plaintiff contends that statutory damages is warranted under the Federal FDCPA.  The Federal FDCPA precludes the use of false representations, threats, and deceptive practices to collect debt from an individual.  See Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 484 (N.D.Cal., 2004).  Plaintiff alleged that Defendants sent Plaintiff a demand letter that violated the Federal FDCPA in several respects. For example, Plaintiff alleged that Defendants provided Plaintiff with less than thirty days to send a written request to Defendants requesting verification of the alleged debt.  Construing the allegation as true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that Defendants are liable to Plaintiff for relief under the Federal FDCPA.  See 15 U.S.C. § 1692(b) (Consumer has the option of notifying the debt collector in writing within the thirty-day period.).  The maximum recovery for a plaintiff in an action under the Federal FDCPA, who did not allege any actual damages and requested only statutory damages, is $1,000.  See 15 U.S.C. § 1692k.  Therefore, the Court awards Plaintiff statutory damages in the amount of $1,000 under the Federal FDCPA.

Plaintiff also contends that statutory damages is warranted under the California FDCPA.  Under the California FDCPA, "any debt collector who willfully and knowingly violates [Title 1.6C "Fair Debt Collection Practices"] with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor . . . not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Cal. Civ. Code § 1788.30(b).  Plaintiff alleged that Defendants sent a collection letter to Plaintiff, and that the letter falsely represented that a legal proceeding has been, is about to be, or will be instituted unless Plaintiff paid her credit card debt to U.S.

1  Bank. Taking Plaintiff's allegations as true for purposes of the motion for default judgment, Defendants
2  violated Title 1.6C. See Cal. Civ. Code § 1788.13(j). Therefore, the Court finds it appropriate to award
3  Plaintiff statutory damages in the amount of $1,000 under the California FDCPA.

Additionally, Plaintiff contends that under Cal. Civ. Code § 1788.17, she is entitled to an additional $1,000 in statutory damages under the California FDCPA, even though the maximum recovery for a plaintiff in an action under the California FDCPA is $1,000. Cal. Civ. Code § 1788.30(b). California Civil Code § 1788.17 provides that "*notwithstanding any other provision of [Title 1.6C],* every debt collector collecting or attempting to collect a consumer debt shall comply with the [Federal FDCPA] . . ., and shall be subject to the remedies in [Section 1692k of the Federal FDCPA]." Cal. Civ. Code § 1788.17. Because Defendants are already subject to the remedies in Section 1692k for violating the Federal FDCPA, and because Cal. Civ. Code § 1788.30(b) clearly provides that the maximum recovery under the California FDCPA is $1,000, Plaintiff is not entitled to additional statutory damages under the California FDCPA.

B.    Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs incurred in prosecuting this action against Defendants in the amount of $4,140 and $443.64 perspectively. Pursuant to 15 U.S.C. 1692k(a)(3), Plaintiff is entitled to recover full costs, including reasonable attorney's fees. A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel." See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D.Cal., 2004) (Attorney fee applicants are entitled to an award sufficient to enable them to secure reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their choice.).

The Court has reviewed Plaintiff's attorney's fees in this action and finds the rate of compensation, $300/hr for the attorney, to be excessive. In Yahoo! Inc. v. Net Games, Inc., the court found that $266 per hour for the attorneys was excessive. See Id. The court reasoned that although the plaintiff argued that the factual analysis was detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because the case "simply was not unusually complex." Id. at 1189. Likewise, the instant case

4

1  simply was not unusually complex.  All Plaintiff did here was formulate the complaint, obtain an entry of
2  default, and immediately thereafter, file an unopposed motion for default judgment.
3        The Court finds it appropriate to adopt the formulae as set forth in Yahoo!.  The Yahoo! court
4  calculated the reasonable rate by dividing the mean hourly wage of attorneys in the San Francisco area by
5  the ratio of net receipts to gross receipts.  See Id.  This Court will calculate the reasonable rate based on
6  the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross
7  receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract.  See United States
8  Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at
9  http://www.census.gov/statab/www/.  Gross receipts totaled $91 billion and net receipts totaled $32 billion.
10 This yields a ratio of net receipts to gross receipts of 0.352.  The most recent data available from the
11 Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at
12 http://www.bls.gov/oes/current/oes_7400.htm.  Dividing the most recent mean hourly wage for lawyers,
13 $74.10/hr, by the most recent ratio of net to gross receipts, 0.352, yields an estimate of $210.51/hr as the
14 average market rate for lawyers in the San Jose area.  The Court awards Plaintiff $2,905 for the 13.8 hours
15 that counsel spent on the case at a rate of $210.51 per hour.  The Court also awards Plaintiff $444 in
16 costs.

## V.  CONCLUSION

18       For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED.  Plaintiff is
19 awarded statutory damages against Defendants in the amount of $2,000, and $3,349 in attorney's fees and
20 costs for a total award of $5,349.

21 Dated: November 16, 2005                             /s/James Ware
   05cv2850dj                                                           JAMES WARE
22                                                                                 United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Frederick William Schwinn cand_cmecf@sjconsumerlaw.com

**Dated: November 16, 2005**              **Richard W. Wieking, Clerk**

                                                        **By:__/s/JW chambers_____**
                                                             **Ronald L. Davis**
                                                             **Courtroom Deputy**